IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**KRISTINA STAMBAUGH**

    **Plaintiff,**

v.                                                           Civil Action No.: 3:22-cv-00124
                                                                       Judge: _____

**THE KROGER CO., and**
**KROGER LIMITED PARTNERSHIP I,**

    **Defendants.**

## COMPLAINT

Comes now the Plaintiff, Kristina Stambaugh and for her Complaint against the Defendants, states as follows:

## PARTIES

1. Plaintiff is a resident and citizen of Milton, Cabell County, West Virginia.

2. Defendant The Kroger Co. is an Ohio corporation with its principal place of business located in Cincinnati, Ohio, and at all relevant times regularly transacted business and conducted business affairs from Kroger locations throughout West Virginia, including the subject Kroger location at 302 Great Teays Blvd. Scott Depot, West Virginia ("subject Kroger location"). At all relevant times, The Kroger Co. owned operated, managed, maintained, and controlled the premises of the subject Kroger location, including its parking lot ("subject parking lot") where events giving rise to this cause of action took place.

3. Defendant Kroger Limited Partnership I is an Ohio limited partnership with its general partner residing in Ohio, and at all relevant times regularly transacted business and conducted business affairs from Kroger locations throughout West Virginia, including the subject Kroger location.  At all relevant times, The Kroger Co. owned operated, managed, maintained,

and controlled the premises of the subject Kroger location, including the subject parking lot where events giving rise to this cause of action took place.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this civil matter pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000, exclusive of costs and interest, and involves citizens of different states.

5. Defendants availed themselves to the jurisdiction of this Court pursuant to W. Va. Code § 56-3-33 by doing, personally and through their agents, the following acts:

    a. Transacting business in the West Virginia;

    b. Contracting to supply services in West Virginia;

    c. Causing tortious injury by an act or omission in West Virginia; and

    d. Having an interest in, using, or possessing real property in West Virginia.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1931(a) in that a substantial portion of the events giving rise to the claims herein took place within the Southern District of West Virginia.

## FACTS

7. At all times relevant hereto, Defendants owned, operated, participated in the operation of and/or benefited from the operation of the subject Kroger location at 302 Great Teays Blvd. Scott Depot, West Virginia.

8. On and prior to January 20, 2020, Defendants were responsible for maintenance, care, safety, treatment, supervision, control, management, and repair of the subject parking lot at the subject Kroger location and had a duty to ensure that the subject parking lot was maintained in

a reasonably safe condition.  This duty encompasses the task of ensuring the subject parking lot was free of hazards which may cause injury to customers or to otherwise ensuring that customers were protected from any hazards existent in the subject parking lot area.

9. On January 20, 2022, at approximately 7:15 p.m., Plaintiff drove to the subject Kroger location with Oscar Stambaugh as a non-trespassing customer to go grocery shopping for household items. When she arrived, she parked her vehicle roughly fifteen spaces from the main entrance and walked behind her vehicle to travel to the Kroger entrance. While the forecast for the day included the chance of light snow, Plaintiff did not observe snow during her entrance into the subject Kroger location.

10. After exiting the subject Kroger location, Plaintiff walked towards the front of her vehicle, taking a different path than the one she used to enter the building.  As she approached her vehicle from the front, Plaintiff slipped and fell forward due to black ice that was not open and obvious, not reasonably apparent, and not known to Plaintiff as it was to Defendants.  Unable to move her left knee as a result of the fall, Plaintiff laid on the ground in severe pain as she screamed out for help.

11. Plaintiff did not contribute to or cause the slip and fall and was at all times acting without negligence.

12. Oscar Stambaugh, who had remained in Plaintiff's vehicle at all relevant times, witnessed Plaintiff's fall.  After witnessing the fall, Mr. Stambaugh exited the vehicle and attempted to walk forward towards Plaintiff and almost slipped and fell due to black ice.  When he finally reached her and attempted to lift her up, he again almost slipped and fell due to black ice and was unable to help her.

13. Mr. Stambaugh, unable to help Plaintiff who remained in severe pain on ground,

called 911 for assistance. When paramedics arrived, they informed Plaintiff that the parking lot was too icy to properly render aid. As a result, the paramedics informed Kroger management/Defendants at the subject Kroger location that salt needed to be put down in the subject parking lot to melt the black ice so they could render aid to Plaintiff. Plaintiff continued to lay in the subject parking lot in severe pain as she waited for the ice to melt.

14. Plaintiff was eventually transported to the CAMC Emergency Room, where it was discovered that she suffered a patella fracture which required surgical intervention as a direct and proximate result of the subject incident and Defendants' failure to maintain the subject parking lot in a reasonably safe condition.

15. At all relevant times, Defendants knew and/or should have known that the subject parking lot was dangerous and not reasonably safe for customers walking and/or traveling in subject parking lot. Defendants had ample opportunity to timely and appropriately maintain and treat the parking lot prior to the subject incident of all unsafe conditions, including black ice.

16. In addition to the injuries references herein, Plaintiff also suffered the following injuries and damages as a direct and proximate result of the actions, omissions and conduct of the Defendants:

   a. physical pain and suffering;

   b. mental anguish and suffering;

   c. permanent physical impairment;

   d. emotional distress and psychological impairment;

   e. loss of wages and benefits;

   f. loss of future earning capacity and benefits;

   g. loss of capacity to enjoy life;

    h.    medical expenses past and future;

    i.    annoyance and inconvenience; and,

    j.    other damages, as allowed by law.

## COUNT I
## NEGLIGENCE

17. The Plaintiff repeats and incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

18. At all relevant times, Defendants had a duty of reasonable and ordinary care to maintain, care, treat, inspect, monitor, manage, and control the subject parking lot in a reasonably prudent manner for the safety of customers utilizing, walking, and/or traversing the subject parking lot, including Plaintiff.

19. Defendants had actual knowledge and notice that customers utilized the subject parking lot to patronize the subject Kroger location.

20. Defendants negligently breached their duty of reasonable and ordinary care owned to Plaintiff and others through the following actions and conduct:

    a.    Failing to effectively maintain, clear, de-ice, and treat unsafe conditions on the subject parking lot, including the black ice;

    b.    Failing to conduct an adequate/proper inspection, risk assessment and hazard analysis of the subject parking lot by qualified and trained ice removal/treatment personnel prior to the start of services;

    c.    Failing to develop and implement an effective ice removal treatment plan and mapping for the subject parking lot;

    d.    Failing to warn guests and individuals of dangerous unsafe conditions on the subject parking lot; and,

  e.  Failing to comply with consensus industry safety standards and guidelines for parking lot maintenance and snow/ice removal/treatment.

21. As a direct and proximate result of the Defendants' reckless and careless actions and omissions on and before January 20, 2022, Plaintiff sustained severe and permanent injuries and damages described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants for such an amount as will be determined by a jury according to the laws of the State of West Virginia, including compensatory damages, punitive damages for Defendants' intentional, fraudulent, malicious and/or reckless indifference to the safety of the Plaintiff, pre-judgment and post-judgment interest, reasonable costs, attorney's fees, and for such other relief as the Court may deem just and proper.

**A JURY TRIAL IS DEMANDED.**

                **Kristina Stambaugh**
                By Counsel

_Taylor M. Norman_____
Taylor M. Norman, Esq. (WVSB #13026)
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, WV 25301
tnorman@bjc4u.com

*Counsel for Plaintiff*